## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

UNITED STATES OF AMERICA,

    v.                                  CASE NO.: 4:18-cr-260-13

CODY EUBANKS,

        Defendant.

## O R D E R

Defendant Cody Eubanks has filed a Motion to Reduce Sentence. (Doc. 1497.) He contends that a reduction in his sentence is warranted due to pending amendments to the United States Sentencing Guidelines. (Id.) The United States responded in opposition of Eubanks' Motion. (Doc. 1498.) The Court has reviewed the entirety of the record in this case and finds that the pending amendments to the United States Sentencing Guidelines would have no impact on Eubanks' sentence. Thus, the Court **DENIES** the Motion.

## BACKGROUND

Eubanks' conduct leading to his conviction and sentence was quite serious. He participated in a large, multi-defendant conspiracy to possess with intent to distribute methamphetamine. (Doc. 925, pp. 13—16.) In the Final Presentence Investigation Report, Eubanks was held accountable for 829.36 grams of methamphetamine actual for guidelines purposes. (Id.) Further, he possessed firearms in connection with the conspiracy. (Id. at p. 16.) Eubanks had multiple prior convictions which resulted in a subtotal criminal history score of 5. (Id. at pp. 17—20.) His criminal history score was increased to 7 because he committed the offense while under a criminal justice sentence, resulting in a criminal history category of IV. (Id. at p. 20.) At sentencing, the

Court sustained Eubanks' objection to the total attributed drug weight and assessed a base offense level of 30.  (Doc. 1163, p. 1.)  Based on a total offense level of 29 and criminal history category of IV, Eubanks' Guidelines imprisonment range was 121 months to 151 months.  (Id.)  However, the Court sentenced Eubanks well below that range, to ninety months' imprisonment based on the Government's Motion.  (Doc. 1162.)  The Court stated that it would have imposed that sentence regardless of Eubanks' Guidelines range.  (Doc. 1163, p. 4.)

## DISCUSSION

Eubanks seeks a reduction in his sentence due to pending amendments to the United States Sentencing Guidelines.  (Doc. 1497, pp. 1—2.)  On April 27, 2023, the United States Sentencing Commission proposed revisions to the criminal history points calculations under Chapter 4 of the Sentencing Guidelines.  See Amendments to the Sentencing Guidelines, pp. 77-92 (U.S. Sent'g Comm'n Apr. 27, 2023), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited Oct. 24, 2023).  Specifically, the Commission proposes amending the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence under Section 4A1.1(d).  Id.  Unless Congress modifies or disapproves of the proposed amendments, they become effective November 1, 2023.  Id. at p. 2.

Because these Amendments have not yet gone into effect, they afford Eubanks no relief. See United States v. Symington, 682 F. App'x 729, 731 (11th Cir. 2017) ("[W]e do not consider proposed amendments until they become effective, as they are still subject to Congressional modification or disapproval.").  Moreover, even if the Amendments to Section 4A1.1(d) were in effect, they would not impact Eubanks' sentence.  The Court made clear at the sentencing hearing that it would impose the sentence it reached regardless of Eubanks Guidelines range.  (Doc. 1163,

p. 4.)  Indeed, the Court sentenced him well below his Guidelines range.  Thus, while Section 4A1.1(d)'s imposition of "status points" affected Eubanks' Guidelines range, it had no impact on his sentence.  Consequently, the proposed changes to Section 4A1.1(d) would not change Eubanks' sentence.  United States v. Keene, 470 F.3d 1347, 1349 (11th Cir.2006) (applying similar principles to guideline calculations errors).  Indeed, after considering the totality of the record, the Court still finds that Eubanks' sentence, which would remain well below his Guidelines range even under the revisions to the Guidelines, remains the appropriate sentence.

## CONCLUSION

For all these reasons as well as those stated by the United States in its response, the Court **DENIES** Defendant Cody Eubanks' Motion to Reduce Sentence, (doc. 1497).

**SO ORDERED**, this 25th day of October, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA